IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALONZO MAY, | ) | |
| Institutional ID No. 02524646 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:16-CV-238-BQ |
| | ) | ECF |
| STATE OF TEXAS Rep by | ) | |
| CARLOS CASCOS Sec. of State, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the court is Defendant the State of Texas's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(4), 12 (b)(5), and 4(m)," filed on its behalf by the Attorney General of Texas. ECF No. 27. Plaintiff Alonzo May did not file a response to the motion, and all parties have not consented to jurisdiction by the magistrate judge. Pursuant to the order of transfer, the court hereby issues this Report and recommends that Defendant's motion be granted under Rule 12(b)(5). The court also recommends, in the alternative, that May's Complaint and claims therein be dismissed under Rule 12(h)(3) for lack of subject matter jurisdiction.

### I.    Procedural History

On October 24, 2016, May, acting pro se, filed a Complaint under 42 U.S.C. § 1983 and subsequently paid the $400.00 filing fee. *See* ECF No. 1. May thereafter filed a "Motion Requesting Issuance of an Order for Summons" on December 5, 2016, which the court denied because May is not proceeding *in forma pauperis* (IFP) and must therefore serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure (Rule). ECF No. 7. After the court denied his request, May either did not serve Defendant or, if he accomplished service, did

1

not submit proof of same. Finding, however, that May's failure to timely serve Defendant within Rule 4(m)'s ninety-day requirement was not without good cause, the court sua sponte granted May an extension until June 16, 2017, in which to effect service of process under Rule 4 (Rule 4(m) Order). ECF No. 16. In its order, the court admonished May that his failure to properly accomplish service by the deadline would result in dismissal of this case without prejudice under Rule 4(m).

On June 26, 2017, Defendant filed a motion to dismiss under Rule 12(b)(5). ECF No. 17. Through the motion, Defendant argued that although May attempted to serve Defendant by mailing a "hand-typed summons," service was nevertheless improper because May addressed the summons to the Attorney General of Texas (AG), who it alleges is not authorized to accept service on behalf of Defendant. *Id.* at 2–3. On August 3, 2017, the court granted in part and denied in part Defendant's motion, finding that despite May's failure to demonstrate he had effected proper service on Defendant, May—a pro se plaintiff who is civilly committed and unable to freely leave his current housing—did make a good faith effort to serve Defendant and comply with the court's May 24, 2017, Rule 4(m) Order. ECF No. 21, at 5–6. Accordingly, the court granted Defendant's motion to dismiss in part, to the extent it quashed May's attempt at service. *Id.* The court's August 3 order, however, also directed May to effect service on Defendant within twenty days from the date of the order. *Id.* at 6. Alternatively, the order advised May that if he sought to have the court enter an order requiring service by the United States Marshal (USM), he must file a motion so requesting and tender a $65.00 service fee within seven days from the date of the August 3 order. *Id.*; *see also* Fed. R. Civ. P. 4(c) (providing that the court may, at plaintiff's request, "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court").

Pursuant to the court's August 3 order, May tendered the $65.00 service fee to the USM and also filed a motion on August 9, 2017 (within the mandated seven day period), requesting that

2

the court order service on Defendant by the USM.  On August 21, 2017, the court granted May's motion, ordering the Clerk of Court to issue summons for the Defendant named in May's Complaint and mail the summons with a Form USM-285 to May.  ECF No. 23.  The court's order required May to complete the Form USM-285 and forward the packet consisting of the completed Form USM-285, two copies of the summons, one copy of the Complaint, and one copy of the court's August 21 order, to the USM within thirty days from the date of the order.  *Id.* at 2.  Upon receiving the completed packet, the court further directed the USM to personally serve Defendant with the summons.  *Id.*  On September 28, 2017, the USM returned the executed summons (Summons) reflecting that it had served the Texas Secretary of State on September 19, 2017.  ECF No. 29.

On September 25, 2017, Defendant filed the instant Motion to Dismiss, moving for dismissal under Rules 12(b)(4), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure for insufficient process, insufficient service of process, and failure to comply with the time limits in Rule 4(m).  ECF No. 28.  Defendant also filed a brief in support of its Motion.  ECF No. 28.  May did not file a response.

## II.    Legal Standard

A summons must include, among other things, the names of the parties and be directed to the defendant being sued.  *See* Fed. R. Civ. P. 4(a)(1)(A), (B).  Where defendant challenges the form of the summons—i.e., "noncompliance with the provisions of Rule 4(b) or any other applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons"—a motion under Rule 12(b)(4) is proper.  5B Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 1353 (3d ed. 1998).  Defective process arises where, for example, the plaintiff improperly names the defendant in the summons.  *See, e.g.*, *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *4 (N.D. Tex. Feb. 25, 2009) (citing Wright & Miller, *supra*,

3

§ 1353) ("Process may be insufficient if the summons and complaint refer to a party in the wrong name.").

By contrast, Rule 12(b)(5) permits a defendant to challenge the validity of the service of process.[1]  In other words, "'[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'"  *Gartin*, 289 F. App'x at 692 n.3 (quoting Wright & Miller, *supra* § 1353); *see also Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012) ("A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."); *Raburn v. Dae Woo, Inc.*, No. 3:09-CV-1172-G, 2010 WL 743933, at *1 (N.D. Tex. Mar. 3, 2010) (citing *Tinsley v. Comm'r of IRS*, 396-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998)) (explaining that "[a] 12(b)(5) motion to dismiss poses a challenge to the manner or method of service attempted by the plaintiff rather than the form or content of the summons").  After a defendant contests the validity of service, plaintiff bears the burden of establishing its legitimacy.  *Quinn*, 470 F. App'x at 323 (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).  A pro se plaintiff is not excused from the requirement to effect proper service of process.  *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Finally, Rule 4(m) gives the plaintiff 120 days, after filing his complaint, to properly effect service on the defendant.  If plaintiff does not accomplish service within this time limit, a court

---

[1] Where, as here, defendant alleges he is misnamed in the summons, courts often consider a defendant's motions to dismiss under Rules 12(b)(4) and 12(b)(5) as one and the same. *See, e.g., Gartin v. Par Pharm. Comps., Inc.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) ("In cases like this one, where the alleged defect is that the defendant is misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties, or under Rule 12(b)(5) on the ground that the wrong party-a party not named in the summons-has been served."); Wright & Miller, *supra*, § 1353.  Thus, the court may properly consider Defendant's motion under either provision. Wright & Miller, *supra*, § 1353.

must either "dismiss the action without prejudice against that defendant or order service be made within a specified time." Fed. R. Civ. P. 4(m).

### III.    **Discussion**

As noted above, May did not respond to Defendant's Motion to Dismiss; however, unopposed motions to dismiss that dispose of litigation may not be automatically granted. *See John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.3d 698, 707–10 (5th Cir. 1985). The court must therefore address the merits of Defendant's motion.

**A.    Dismissal for insufficient process under Rule 12(b)(4) is not warranted, and Defendant's Motion to Dismiss should be denied on this ground.**

Defendant first contends the court should dismiss May's Complaint under Rule 12(b)(4) for insufficient process. Def.'s Br., at 3 (ECF No. 28). Specifically, Defendant argues that the Summons the USM served on Defendant is defective because it "fails to name the defendant to whom it is directed." *Id.* Defendant's argument is without merit.

The Clerk partially filled out the Summons (as directed by this court), and thereafter issued it to May for completion. *See* ECF No. 24. Specifically, the Clerk inserted the case caption on the Summons form, naming the "State of Texas Rep by Carlos Cascos Sec. of State" as Defendant. *Id.* The Clerk recited the Defendant's name exactly as it appears on the caption of May's Complaint. *See* Compl., at 1–2 (ECF No. 1). The court does not have a copy of the Summons that the USM ultimately served on Defendant;[2] therefore, it is unclear whether May listed Defendant's name and address in the "To" section of the Summons. But even assuming May failed to list Defendant's name and address, any such error did not prejudice Defendant.

---

[2] Defendant references an appendix in support of the arguments raised in its motion and brief. *See, e.g.*, Def.'s Br., at 3. Defendant, however, did not file any such appendix with the court, which could have resulted in the court striking Defendant's motion for failure to follow the Local Rules of the Northern District of Texas. Because the court did not find it necessary to consider Defendant's references to the appendix in making its recommendation, the court did not strike Defendant's motion.

"Where a summons contains a technical defect, but that defect does not prejudice the defendant, the error is harmless and does not warrant dismissal." *Cook v. Harrison Cty.*, No. 1:13CV460-LG-JCG, 2015 WL 11217237, at *2 (S.D. Miss. Feb. 20, 2015) (quoting *Treadway v. River Region Med. Corp.*, No 5:06CV20-DCB-JMR, 2007 WL 43824, at *2 (S.D. Miss. Jan. 5, 2007)); *see Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at *3 (W.D. Tex. July 2, 2008) ("Additionally, a motion to dismiss pursuant to Rule 12(b)(4) will only be granted when the defect is of such a nature as to cause prejudice to the defendant."). May names one Defendant in this case—the State of Texas (Compl., at 1)—and the State of Texas is listed as Defendant in the case caption of the Summons. ECF No. 24. The need for May to specifically name the Defendant on the Summons is not crucial because there is only one defendant. *Cf. In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (granting defendants' motion to dismiss under Rule 12(b)(4) because case had over 500 named defendants and "the need for summons to effectively identify the particular defendant to which it is directed is particularly acute"). Stated differently, the Texas Secretary of State should have had no difficulty determining that May was attempting to serve it on behalf of Defendant in this case. Defendant has not alleged any facts demonstrating prejudice created by the content of the Summons. Defendant's motion to dismiss should be denied on this ground.

**B.**     **May has not met his burden under Rule 12(b)(5) of demonstrating he validly served Defendant, and Defendant's Motion to Dismiss should be granted on this ground.**

*1.     May complied with all deadlines set by the court and timely served Defendant.*

Rule 4(m) requires that a plaintiff serve defendants within ninety days of filing the complaint. *See* Fed. R. Civ. P. 4(m). Rule 4(m) also provides, however, that if a plaintiff demonstrates good cause for failure to serve, "the court *must* extend the time for service for an appropriate period." *Id.*

6

In its motion to dismiss, Defendant argues that May "attempted to effectuate service on the Defendant more than 20 days after the date of the Court's August 3, 2017 Order." Def.'s Br., at 5. Thus, Defendant argues May's Complaint should be dismissed under Rule 4(m) because May failed to comply with the court's August 3 order. *Id.* Defendant's argument, however, does not account for the court's August 21 order granting May thirty days in which to forward the completed packet for service to the USM, and providing the USM an additional thirty days to serve Defendant. *See* ECF 23, at 2.

As set forth in greater detail above, May has complied with the relevant deadlines set by the court, including the court's August 3 order. Specifically, in accordance with the court's August 3 order, May tendered the $65.00 service fee to the USM and also filed a motion on August 9, 2017 (within the mandated seven day period), requesting that the court order service on Defendant by the USM. *See* ECF No. 22. On August 21, 2017, the court granted May's motion, and required May to complete the Form USM-285 and forward a packet consisting of the completed Form USM-285, two copies of the summons, one copy of the Complaint, and one copy of the court's August 21 order to the USM within thirty days from the date of the order. ECF No. 23, at 2. Defendant acknowledges that the USM served Defendant on September 19, 2017—well within the time limit set by the court in its August 21 order. *See id.* Thus, Defendant's Motion to Dismiss on the basis of May's failure to comply with the court's Rule 4(m) Order should be denied.

### 2. *May has not met his burden of demonstrating he accomplished proper service of process.*

Although the court finds May complied with all applicable deadlines, the court nevertheless concludes May has not met his burden of demonstrating he effected proper service of process. Thus, the court recommends Defendant's Motion to Dismiss be granted under Rule 12(b)(5).

Defendant contends that "May requested hand-delivery of service of process on the wrong person/entity." Def.'s Br., at 4. Rule 4(j)(2), applicable here, provides that a plaintiff may serve

7

a state government "by delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process upon such defendant." Fed. R. Civ. P. 4(a)(j)(2)(A), (B). Defendant contends that the Secretary of State is not the chief executive officer for the State of Texas (Defendant). Def.'s Br., at 4.

"When a defendant questions the validity of service of process, 'the plaintiff bears the burden of establishing its validity.'" *Bailey v. AT&T Corp./Headquaters*, No. 3:16-CV-1464-B, 2017 WL 1178310, at *2 (N.D. Tex. Mar. 29, 2017) (quoting *Carimi*, 959 F.2d at 1346). Defendant admits the USM served the Texas Secretary of State on September 19, 2017. Def.'s Br., at 3–4. May has not provided any authority, however, demonstrating that the Texas Secretary of State is the proper entity to accept service on behalf of Defendant, the State of Texas.[3] Although an unopposed motion to dismiss that disposes of litigation may not be automatically granted (*John*, 757 F.3d at 707–10), the court may grant a motion to dismiss under Rule 12(b)(5) on the basis that plaintiff failed to meet his burden of establishing the validity of service. *See Bailey*, 2017 WL 1178310, at *2 (finding plaintiff's purported service under Rule 4 invalid because "Plaintiff did not file a response, so she did not carry her burden of establishing the validity of service").

Additionally, and perhaps more significantly, the court has found no authority demonstrating that the Texas Secretary of State is authorized to accept service on behalf of the State of Texas in a § 1983 action. The Secretary of State is not the chief executive officer of the State of Texas. *See* Fed. R. Civ. P. 4(j)(2)(A) (providing plaintiff may serve a state's chief executive officer); Tex. Const. art. IV, § 1 ("The Executive Department of the State shall consist of a Governor, who shall be the Chief Executive Officer of the State . . . ."); *see also* Def.'s Br., at 4 ("The Secretary of State is not the chief executive officer for the State of Texas."). Nor does

---

[3] As previously noted, May did not file any response to Defendant's motion to dismiss.

Texas law designate the Secretary of State—or any agency, for that matter—as the proper party to accept service on behalf of the State of Texas in a § 1983 civil rights lawsuit. *See generally* Michol O'Connor, *O'Connor's Texas Rules: Civil Trials 2017* 193 (2016) (providing that if defendant is the State of Texas, plaintiff should serve the Secretary of State, but citing Tex. Civ. Prac. & Rem. Code § 101.102(c), which pertains to tort claims against the State); Texas Secretary of State, *Texas Statutes Designating Secretary of State as Process Agent*, https://www.sos.state.tx.us/corp/statutes-service-of-process.shtml (last visited Nov. 15, 2017) (listing the Texas statutes that authorize the Secretary of State to accept service on behalf of another person, including suits under the Texas Tort Claims Act and suits to collect delinquent property taxes, but listing no statute designating the Secretary as the proper agent for a civil rights lawsuit). Thus, Defendant's Motion to Dismiss under Rule 12(b)(5) should be granted because May has not met his burden (and presumably cannot meet his burden, as discussed below) of demonstrating May accomplished valid service on Defendant.[4]

---

[4] The court notes that if a plaintiff fails to meet his burden, the court has the discretion to either: (1) quash service and provide the plaintiff an additional opportunity to properly effect service; or (2) dismiss the case without prejudice. *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 571 (5th Cir. 2007) (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)) ("It is true that district courts possess a broad discretion to dismiss cases or to simply quash service."); *Nagy v. George*, No. 3:07–CV–368–K, 2007 WL 2122175, at *7 (N.D. Tex. July 23, 2007) (citing several cases for support). In this case, however, the court has already quashed service and given May an additional opportunity to properly serve Defendant, accounting for May's pro se status and finding that he had attempted service in good faith. *See* ECF No. 21. Now, even after granting May an additional opportunity to perfect service, May has still failed to comply with the applicable rules. May filed his Complaint more than one year ago and he has yet to accomplish proper service on Defendant. Although courts generally give pro se parties more latitude than represented parties to correct defects in service of process (*see Reece v. Countrywide Home Loans*, 250 F. App'x 91, 92 (5th Cir. 2007)), pro se litigants must nevertheless comply with the rules. *See Sys. Signs Supplies*, 903 F.2d at 1013; *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

C.    **The court does not have subject matter jurisdiction over this action, and May's Complaint should be dismissed under Rule 12(h)(3).**

Alternatively, the court concludes that it lacks subject matter jurisdiction over the instant action. May's Complaint should also be dismissed for this reason.

Federal Rule of Civil Procedure 12(h) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The court therefore "[has] the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985) (citing Fed. R. Civ. P. 12(h)(3) and *In re Kutner*, 656 F.2d 1107, 1110 (5th Cir. 1981)).

In this § 1983 civil rights action, May names the State of Texas as the sole Defendant. Compl., at 1–2 (May listed the "State of Texas Rep by Carlos Cascos Sec. of State" in the case caption as Defendant and alleges he has been "aggrieved by the State of Texas."). The State of Texas is immune from suit, however, in a § 1983 lawsuit. Under the Eleventh Amendment, a state, and its agencies, are immune from liability, absent the state's consent to suit. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Specifically, the Eleventh Amendment bars 42 U.S.C. § 1983 claims brought against the state. *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Similarly, a state is not a "person" against whom a § 1983 claim can be asserted. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *see also* 42 U.S.C. § 1983 (providing for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured

10

by the Constitution and laws" of the United States (emphasis added)). The Eleventh Amendment's "jurisdictional bar applies regardless of the nature of the relief sought"—i.e., money damages, injunctive relief, etc. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (per curiam) (quoting *Pennhurst State Sch.*, 465 U.S. at 100).

May does not allege, and Defendant has not conceded, that Defendant has consented to suit in this § 1983 action. "Nor has Congress expressly waived sovereign immunity for § 1983 suits." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 340–45 (1979)). Thus, Defendant is immune under the Eleventh Amendment from May's suit.

Having determined that May's claims are barred by the Eleventh Amendment, the court must also conclude that it lacks subject matter jurisdiction over May's claims. "[E]leventh [A]mendment immunity is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.'" *Burge v. Par. of St. Tammany*, 187 F.3d 452, 465 (5th Cir. 1999) (quoting *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987)). In *Burge*, the Fifth Circuit explained that courts may raise the issue of subject matter jurisdiction sua sponte at any time during the course of proceedings, including for the first time on appeal. *Id.* ("Although the district court was not presented with, and did not address, the issue of Eleventh Amendment immunity, we raised this issue *sua sponte* at oral argument . . . ."). Indeed, Rule 12(h)(3) requires as much. *See* Fed. R. Civ. P. 12(h)(3); *see also Burge*, 187 F.3d at 465–66 ("Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, this court *sua sponte* may raise the issue of its subject matter jurisdiction."); *Peacock v. United States*, 597 F.3d 654, 660 (5th Cir. 2010) (citing *Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993)) ("A district court is vested with authority to inquire at *any* time whether the

conditions under which it may exercise its jurisdiction have been met." (emphasis in original)).

Thus, notwithstanding May's failure to meet his burden of demonstrating adequate service under

Rule 12(b)(5), May's Complaint and all claims therein should be dismissed for lack of subject

matter jurisdiction under Rule 12(h)(3).[5]  *See Howard v. Lemmons*, 547 F.2d 290, 290 (5th Cir.

1977) (citing Rule 12(h)(3) and affirming district court's sua sponte dismissal of plaintiff's

§§ 1983 and 1985 claims on the basis that "complaint stated no claim within the jurisdiction of the

Court"); *see also Burge*, 187 F.3d at 466 (raising sua sponte question of court's subject matter

jurisdiction over plaintiff's federal and state law claims against defendant but ultimately

concluding claims were not barred by the Eleventh Amendment because defendant was not a state

official); *Mendiola v. Cameron Cty. Dist. Attorney's Office*, No. B–13–236, 2014 WL 12644282,

at *5–6, *9 (S.D. Tex. Oct. 10, 2014) (dismissing sua sponte plaintiff's claims against Texas

Department of Criminal Justice, a division of the State of Texas, for lack of subject matter

jurisdiction based on sovereign immunity); *Evans v. Moore*, No. SA-07-CV-439-XR, 2007 WL

1894279, at *1–2 (W.D. Tex. July 2, 2007) (accepting magistrate judge's recommendation that

plaintiff's complaint be dismissed sua sponte for lack of subject matter jurisdiction where plaintiff

failed to allege claims under § 1983 against a state actor).

---

[5] The court reaches this conclusion sua sponte, despite Defendant's failure to raise the jurisdictional issue in its Motion to Dismiss. *Howard*, 547 F.2d at 290 n.1 ("However, there is no doubt that the District Court could dismiss the plaintiff's action sua sponte for failure of federal jurisdiction pursuant to F.R.C.P. 12(h)(3) . . . ."); *Sublet v. United States*, No. 2:08CV1410, 2010 WL 3419422, at *1 (W.D. La. Aug. 25, 2010) (citing several sources for support) ("It is the duty of the district court, at any level of the proceeding, to dismiss plaintiff's action sua sponte for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss.").

## IV.    <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss under Rule 12(b)(5) be **GRANTED** and that the United States District Court **dismiss without prejudice** May's Complaint and all claims therein for insufficient service of process. The court further recommends that Defendant's Motion to Dismiss be **DENIED** in all other respects.

Additionally, the court recommends that the United States District Court **dismiss without prejudice** May's Complaint and all claims therein under Rule 12(h)(3) for lack of subject matter jurisdiction.

## V.    <u>Right to Object</u>

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

13

Dated: November 27, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE