IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

ALONZO MAY,            )
                       )
          Plaintiff,   )
                       )
v.                     )
                       )
STATE OF TEXAS, *Rep by Carlos Cascos,* )
*Sec. of State,*       )
                       )
          Defendant.   )   Civil Action No. 5:16-CV-238-C

## **ORDER**

Before the Court are Plaintiff's Complaint, filed October 24, 2016, and Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 4(m), filed September 25, 2017. Plaintiff, Alonzo May, did not file any response to the Motion. The United States Magistrate Judge filed his Report and Recommendation on November 27, 2017, recommending that the Motion to Dismiss be granted in part and denied in part and that this case be dismissed without prejudice for insufficient service of process. The Magistrate Judge alternatively recommended, *sua sponte*, that the case be dismissed without prejudice for lack of subject-matter jurisdiction. May filed his "Objection to Court Report and Recommendation" on December 12, 2017, and then filed a "Memorandum of Law in Support of Civil Rights Complaint 42 U.S.C. § 1983" on December 28, 2017.

Plaintiff's Memorandum of Law is not an objection to the Report and Recommendation, nor would it be timely filed if May intended it to serve as an objection. The Court therefore does

not consider this document and orders that it be **STRICKEN**. The Court will consider May's Objection[s], filed December 12, 2017.

May's objections fail to object to individual findings or conclusions of the Magistrate Judge with any specificity, are not well organized, and quote irrelevant and unrelated legal precedents out of context and in a confusing manner. Nevertheless, the Court has liberally construed May's *pro se* filing in the interest of justice and concludes that May is attempting to raise the following objections: (1) Plaintiff appropriately selected Carlos Cascos as a defendant in this case because he is unaware of all the defendants that he should name in his complaint; (2) the State of Texas has statutorily consented to be sued based on its acceptance of federal funding; (3) the Magistrate Judge should conduct a hearing on May's *Spears'* claim; (4) the Magistrate Judge should have given equitable consideration to Plaintiff's case despite his lack of specificity; and (5) Plaintiff did "his very best" to effect proper service on the defendant and should therefore be excused from any technical requirements as a layman.

Each of these objections is **OVERRULED**. First, the Court agrees with all of the Magistrate Judge's findings and conclusions regarding May's naming of the Secretary of State as the defendant in this case and his attempted service on that office. Second, the law is clear that the State of Texas has not consented to waive its sovereign immunity for Section 1983 claims based on acceptance of federal funds. Third, May is not a prisoner and does not have any claims before the Court requiring a *Spears* hearing. Finally, the record reflects that the Magistrate Judge gave May a great amount of latitude as a *pro se* litigant, liberally construing his filings and making every effort to give him the benefit of the doubt. But May is still required to comply

with the Federal Rules of Civil Procedure as a *pro se* litigant and has ultimately failed to effect proper service in this case despite repeated opportunities to do so.

The Court, having conducted a *de novo* review of the Report and Recommendation and overruled all of Plaintiff's objections, finds no error. It is therefore **ORDERED** that the findings and conclusions in the Report and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court.

Federal courts are duty-bound to examine their own subject-matter jurisdiction and may not proceed where it is apparent that jurisdiction does not exist. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The Court, having accepted the Magistrate Judge's *sua sponte* recommendation regarding subject-matter jurisdiction, finds that it has no jurisdiction over this case and that the above-styled and -numbered civil action should therefore be **DISMISSED without prejudice** for lack of jurisdiction. In the alternative, the Court notes that even if jurisdiction did exist, it would **GRANT in part** Defendant's Motion to Dismiss and would dismiss this case without prejudice for insufficient service of process (for the reasons stated in the Report and Recommendation).

SO ORDERED this _____ day of February, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE